SUPERIOR COURT
OF THE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

May 13, 2019

N443 - STATE MAIL
Mr. Jerome Reed
SBI No. 00318410
James T. Vaughn Correctional
1181 Paddock Road
Smyrna, DE 19977

Re:     *State of Delaware v. Jerome B. Reed*
        Crim. No. 0101023931

Dear Mr. Reed:

This is my decision on your tenth motion for postconviction relief. Your motion contains two arguments. First, you assert that the failure by your attorney to suppress a statement at trial that was allegedly elicited in an illegal manner constitutes ineffective assistance of counsel. Second, you argue that, under *Martinez v. Ryan*,[1] I should allow you to reargue claims contained in your initial postconviction motion with the assistance of appointed counsel.

When faced with a claim for postconviction relief I must first determine whether any procedural bars prevent a consideration on the merits of any underlying arguments.[2] Superior Court Criminal Rule 61, governing postconviction relief, states

---

[1] 566 U.S. 1 (2012).
[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

that all such motions beyond the first must be summarily dismissed unless the movant was convicted after a trial and either (1) pleads that new evidence exists showing that the movant is actually innocent in fact, or (2) pleads that a new, retroactive constitutional rule applies to the movant's case thereby rendering the conviction invalid. I find that neither of your arguments satisfy the conditions necessary to survive summary dismissal.

Your first argument is a barely perceptible deviation from the numerous ineffective assistance of counsel claims raised in your previous motions for postconviction relief. This argument neither includes a claim that you are actually innocent of the crimes for which you were convicted nor implicates a new constitutional rule. Further, I have already extensively addressed the issues raised in this argument in my decisions on your previous motions.[3]

Your second argument misconstrues *Martinez v. Ryan*.[4] *Martinez* permits a federal court to review a "substantial" ineffective assistance of counsel claim on federal habeas review.[5] The United States Supreme Court made clear that its decision

---

[3] *See State v. Reed*, 2003 WL 22853417 (Del. Super. Aug. 6, 2003), *aff'd*, 843 A.2d 696 (Del. 2004); *State v. Reed*, 2006 WL 1067273 (Del. Super. Mar. 21, 2006), *aff'd*, 907 A.2d 146 (Del. 2006).

[4] 566 U.S. 1 (2012).

[5] *State v. Jones*, 2013 WL 5372415, at *3 (Del. Super. Sept. 24, 2013) (citing *Martinez*, 566 U.S. at 13-17).

2

did not establish a constitutional right to counsel in state postconviction proceedings.[6] When this Court amended Rule 61 to provide an indigent defendant the right to counsel in his or her first postconviction motion, it clarified that this right was not retroactive.[7] This Court was explicit in that the amendment only applied to *initial* postconviction motions pending as of May 6, 2013, or such motions filed after May 6, 2013.[8] You filed your first motion for postconviction relief on March 5, 2003.[9] After a careful review and consideration of your claims therein I denied that motion by order dated August 6, 2003.[10] Thus, the Rule 61 amendment at issue here is not relevant to your case as your first postconviction motion had long since been decided by May 6, 2013. Accordingly, I find that your second argument also fails to satisfy the Rule 61 conditions necessary to survive summary dismissal.

This is your tenth motion for postconviction relief. Rule 61 explicitly states that all subsequent postconviction relief motions beyond the first are procedurally barred and must be summarily dismissed unless they fall under certain exceptions discussed above. I do not find that you have plead facts sufficient to qualify for any of these exceptions.

---

[6] *Id.* (citing *Martinez*, 566 U.S. at 8-9).

[7] *State v. Rosen*, 2013 WL 4744681, at *2 (Del. Super. Sept. 3, 2013).

[8] *Id.* (emphasis added).

[9] D.I. 68.

[10] *State v. Reed*, 2003 WL 22853417 (Del. Super. Aug. 6, 2003), *aff'd*, 843 A.2d 696 (Del. 2004).

3

## CONCLUSION

Your tenth motion for postconviction relief is **DENIED**.

Very truly yours,

E. Scott Bradley

ESB/jwc

cc: Prothonotary

FILED PROTHONOTARY
SUSSEX COUNTY
2019 MAY 13 P 2: 51

4